679

Linda McDONNELL, an individual;
et al., Plaintiffs,

and

Donald L. Zachary, Intervenor–
Appellant,

v.

SOUTHWEST AIRLINES COMPANY,
Defendant–Appellee,

and

The Boeing Company; et al.,
Intervenors–Appellees,

and

Howard Peterson, an individual;
et al., Defendants.

No. 06–56089.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed Sept. 11, 2008.

Richard C. Binder, Pasadena, CA, Gretchen M. Nelson, Kreindler and Kreidler, LLP, Ronald L. Goldman, Baum, Hedlund, Aristei, Guilford & Schiavo, Haig P. Ashikian, Mooradian & Ashikian, Los Angeles, CA, Daniel Rose, Kreindler & Kreindler, New York, NY, for Plaintiffs.

Ruth M. Moore, Donald L. Zachary, Spillane, Shaeffer, Aronoff, Bandlow LLP, Los Angeles, CA, for Intervenor–Appellant.

Melora M. Garrison, Ronald A. McIntire, Perkins Coie, LLP, Santa Monica, CA, Nicholas J. Enoch, Jarrett J. Haskovec, Lubin & Enoch, P.C., Phoenix, AZ, Patricia S. Waldeck, Law Office of Patricia S. Waldeck, Los Angeles, CA, for Intervenors–Appellees.

Christopher M. Young, Dla Piper US, LLP, San Diego, CA, for Defendants–Appellees.

Arthur I. Willner, Berger Kahn, A Law Corporation, Marina Del Ray, CA, for Defendants.

680

Before: D.W. NELSON, GIBSON,* and GRABER, Circuit Judges.

## MEMORANDUM **

Intervenor Donald L. Zachary seeks to unseal records from a suit against Southwest Airlines following an airline crash at Bob Hope Airport in Burbank, California. The district court denied Zachary's motion to unseal the documents. We review de novo whether the district court applied the correct legal standard in ordering the records to remain under seal. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002). We review for an abuse of discretion the district court's application of that legal standard. *Id.* We now affirm.

■ 1. As an initial matter, Zachary argues that the district court erred by requiring only a showing of "good cause" for the documents to remain under seal, while Ninth Circuit precedent requires a showing of "compelling reasons" because the documents were attached to dispositive motions. *E.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006). Although we agree that the "compelling reasons" standard applies to the documents at issue on appeal, we disagree that the district court erred. Notwithstanding some inept wording in the district court's orders, the court understood its duty from the beginning and re-

quired compelling reasons to keep the dispositive documents from public scrutiny. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) ("If the district court conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion.").

■ 2. Zachary also argues that the district court abused its discretion in finding that compelling reasons supported keeping certain documents under seal. Specifically, Zachary points to district court docket numbers 57, 58, 59, 66, 67, 68, 69, 70, 71, 73, 74, 76, and two documents filed after number 88. After a careful review of the entire sealed record in dispute, we disagree. As found by the district court, all of the documents contain trade secrets and confidential procedures and communications geared toward investigating the cause of the airline crash. Consequently, the court did not abuse its discretion in ruling that, due to their confidential and sensitive nature, public disclosure of the documents could result in improper use. *See Kamakana*, 447 F.3d at 1179 ("In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (internal quotation marks omitted)).

AFFIRMED.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.